REED ET AL. *vs.* WRIGHT.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a commutative contract for the delivery of a quantity of coal, for which a certain price was to be paid in a particular manner; the whole contract to depend for its fulfilment on certain arrangements to be made by a kind of mutual agent, who failed to carry out the views of the parties: *Held*, that no damages are recoverable for the non-delivery of the coal.

This is an action to recover damages for the non-delivery of one hundred thousand bushels of coal, according to the stipulations of a written contract entered into between the parties.

The plaintiffs allege and show that they contracted with the defendant, to deliver one hundred thousand bushels of coal in New-Orleans, as soon after the 10th November, 1837, as boats could be procured, and the navigation of the rivers permitted. The plaintiffs were to pay twenty-five cents per bushel, thirty days after delivery, in their notes. The defendant bound himself in the penalty of twenty-five hundred dollars, for the delivery of the coal according to

contract; and the plaintiffs agreed also, to make arrange-
ments with such agent as the defendant might appoint, for
the payment to his order, of all moneys received from the
sale of any of the coal previously to the expiration of the
thirty days thereafter.

The plaintiffs further show that they came to New-
Orleans, opened a counting-house, and were at great expense
in making preparations to receive, and for the sale of the
coal according to contract; but in consequence of the high
price of coal at the time, they charge that the defendant
gave such instructions to his agent in New-Orleans, as
evinced a determination not to comply with his contract;
and when the first quantity of coal arrived about the middle
of December, he refused, through his agent, to deliver it,
although it was demanded of him. They allege they tendered
their obligation payable at thirty days, according to contract,
for the quantity of coal which arrived, which was refused;
and offered every thing on their part to ensure a performance
thereof but in vain; that if the defendant had complied with
his contract, they would have made a profit of fifteen thou-
sand dollars. They, therefore, pray judgment in damages for
this sum.

The defendant admitted the contract, but averred that the
plaintiffs failed to comply with the condition therein stipula-
ted, to make satisfactory arrangements for the payment of
all moneys that might be received for the sale of the coal,
should the same be delivered, within thirty days thereafter;
wherefore, he denies that the plaintiffs are entitled to any
damages. He avers that he has sustained damages in con-
sequence of the failure of the plaintiffs to make such arrange-
ments with his agent, as were by the contract stipulated:
He prays that the plaintiffs' demand be rejected, and that he
have judgment in reconvention, for three thousand dollars
in damages. These were the substance of the pleadings
and issues upon which the case was tried.

The principal difficulty seems to have arisen from a misun-
derstanding with the defendant's agent in New-Orleans,
about the manner of selling the coal, and giving security for

EASTERN DIST.
*December*, 1840.

REED ET AL.
*vs.*
WRIGHT.

the proceeds of sales, to be paid over to the defendant. The consequence was delay, and soon after the weather became warm, and coal was unsaleable; so that the plaintiffs failed in realizing anticipated profits, but were saved from almost inevitable losses; which perhaps fell more on the defendant. In other words the plaintiffs failed to give the required security for the sales and punctual payments to be made to the defendant, and the latter refused to deliver the coal.

The evidence of the case is more fully stated in the opinion of this court.

The district judge was of opinion that by the failure of the plaintiffs to make the arrangements and give the security required, that the defendant was justifiable in not delivering the coal. There was judgment rejecting both demands, and condemning each party to pay his costs. The plaintiffs appealed.

*Preston*, for the plaintiffs and appellants.

*Eustis*, contra.

*Morphy, J.*, delivered the opinion of the court.

Plaintiffs claim heavy damages for the non-delivery of one hundred thousand bushels of coal, which they allege, defendant, in Cincinnati, undertook, and agreed to ship to them, in New-Orleans. For this coal, they were to pay at the rate of twenty-five cents per bushel, to them delivered; on or about thirty days after such delivery, in their joint and several promissory notes. They were, moreover, to make arrangements with such agent as defendant should appoint for the payment of all moneys received from the sale of any part of the coal, previous to the expiration of the thirty days, which sums, when paid, were to be credited on their notes; and defendant bound himself in the penalty of two thousand five hundred dollars, for the delivery of the coal, in the way of damages. Plaintiffs allege, that in consequence of this contract, they came to New-Orleans, opened a counting house, and at great expense, made the necessary prepara-

tions for the sale of so large a quantity of coal, but that the high price of the article induced defendant, through his agent, to refuse to deliver any part of the coal stipulated for, although they had tendered bond and security as required by said agent, and had in all other respects complied with their contract. The defendant claims damages by way of reconvention, averring that the plaintiffs failed to make satisfactory arrangements with his agent in New-Orleans, for the payment of the moneys received from the sale of the coal, during the thirty days after delivery, and have by such failure, to comply with their contract and receive the coal, occasioned to him great loss and damages. The judge below gave judgement for defendant in the main action and against him on his plea in reconvention, and decreed that each party should pay one half of the cost. The plaintiffs appealed.

The contract between these parties took place in October, 1837, and the first boat load of coal arrived in this city on or about the 16th December, following. Coal was then selling at a dollar and a half a barrel, and the severity with which the winter had set in, gave room to believe that the price of coal would remain high throughout the season. These circumstances have led plaintiffs to suspect that defendant was determined at all events to break his contract, and they ascribe to secret instructions given to his agent with that view, the refusal of the latter to receive the bond they tendered to him, and his requiring the payment to be made in gold and silver; of all this there is no evidence, but if the surmises of the plaintiffs are well founded, the defendant's bad faith appears to have received its punishment, for on or about the 26th of the same month, a sudden change took place in the weather, and it turned out to be, as the witnesses express it, a *warm winter.* The consequence was, a considerable fall in the price of the article, and a heavy loss to defendant. As to the facts of the case, as exhibited by the record, we concur in the view taken of them by the inferior court.

The plaintiffs tendered to Armstrong, defendant's agent, a person by the name of Dinn, as their security on a bond of

EASTERN DIST.   ten thousand dollars. The individual offered being altogether
December, 1840.   unknown to Armstrong, he addressed a note to plaintiffs
REED ET AL.   requesting to know, to whom he might refer for information
vs.   about him; he was referred by plaintiffs to a Mr. Woolsey, of
WRIGHT.   the firm of Woolsey & Montagne. The account given of
Dinn by the person referred to, justified, we think, Armstrong
in rejecting him as security. It was, "that Dinn kept a seed
store, and was an honest man, but he did not consider him
sufficient for the amount of the bond; that he had very little
property, if any, &c. It is true, that on the trial Dinn being
brought up as a witness for plaintiffs, gave a very different
account of himself, and stated that he would have been fully
able to pay the ten thousand dollars had his principals made
default; admitting this to be strictly true, defendant's agent
was without any knowledge of his true circumstances, as
disclosed by himself in court, and surely the plaintiffs cannot
complain that Armstrong suffered himself to be governed in
his opinion of Dinn's solvency, by the very person to whom
they had referred him. There is no evidence that before
bringing this suit, the plaintiffs gave Armstrong any addi-
tional information as to the means of their surety. Thus
although from Dinn's testimony, the plaintiffs had offered in
him a sufficient surety, yet Armstrong was justified in reject-
ing him, from the very information afforded him by plaintiffs
themselves; under such circumstances, we think that the
judgment appealed should remain undisturbed.

It is, therefore, affirmed, with costs.